## Rudolph Styblo, Plaintiff in Error, v. Plzensky Sokol (corporation), Defendant in Error.

### Gen. No. 23,083. (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. CHARLES H. BOWLES, Judge, presiding. Heard in this court at the March term, 1917. Reversed and judgment here. Opinion filed October 2, 1917.

### Statement of the Case.

Action by Rudolph Styblo, plaintiff, against Plzensky Sokol, a corporation, defendant, to recover damages from defendant on account of an alleged wrongful discharge from employment. From a judgment for defendant, plaintiff brings error.

ABRAM E. ADELMAN and HAROLD O. MULKS, for plaintiff in error.

JOSEPH Z. KLENHA and EDWIN T. PEIFER, for defendant in error.

MR. JUSTICE McSURELY delivered the opinion of the court.

### Abstract of the Decision.

1. MASTER AND SERVANT, § 50*—*when evidence insufficient to show grounds for discharge of servant.* In an action by a servant employed as physical instructor for a society to recover damages for wrongful discharge during the term of his contract, where the contract provided for the creation of a technical committee, whose duty it was to have conferences with plaintiff regarding the work, and which was made an investigator and arbiter of any matters arising in connection with the work, evidence *held* insufficient to show any refusal of plaintiff to furnish reports to such committee, or appear before it, or adverse report by such committee, so as to warrant a discharge of plaintiff by the society.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

2. MASTER AND SERVANT—*when master bound by terms of contract as to committee of supervision of work.* Where a contract of employment of a physical instructor provides for the employment of a certain committee for handling and disposing of questions concerning the servant's work, the master is bound thereby and may not require the servant to be answerable to a different committee.

3. MASTER AND SERVANT, § 50*—*when evidence insufficient to show grounds for discharge.* In an action by a servant employed as physical director of a society, *held* that, even though plaintiff was answerable to a special supervising committee instead of the regular committee provided by the contract, the evidence was insufficient to show a serious refusal on the part of plaintiff to appear before such committee so as to warrant his discharge.